**Linda Pearl MALLETT, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–279–CR.**

Court of Appeals of Texas,
Fort Worth.

April 21, 1982.

Discretionary Review Granted
July 21, 1982.

Smith, Douglass & Cook and S. Price Smith, Jr., Wichita Falls, for appellant.

Timothy Eyssen, Dist. Atty. and Barry L. Macha, Asst. Dist. Atty., Wichita Falls, for appellee.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from an order revoking appellant's probation of her prior conviction of possession of a controlled substance. V.A.C.C.P. art. 42.12.

We reverse and remand.

On March 26, 1979, appellant was convicted of possession of heroin and placed on six years' probation.

The State subsequently moved to revoke probation, alleging that the appellant violated the terms and conditions of her probation by (1) offering, on May 11, 1979, and June 28, 1979, to engage in sexual conduct for a fee, (2) being unemployed and having made no effort to gain suitable employment, (3) being delinquent in the payout of her fine and court costs, (4) failing to report to her probation officer in June 1979, and (5) failing to pay a fee due in June, 1979.

To the allegations, appellant pled "true".

At the revocation hearing July 20, 1979, the court found appellant had violated the terms of her probation.

Appellant testified that if allowed to continue on probation, she would not be "on the streets" anymore and would seek testing and training for employment.

On July 31, 1979, the court signed an order revoking appellant's probation, but expressly withholding decision as to whether to order her imprisoned.

On October 16 and December 11, 1979, and October 24, 1980, the State filed additional motions to revoke appellant's probation; alleging that she had made additional offers to engage in prostitution and had committed other violations of probation.

At hearing April 20, 1981, the court sentenced appellant under the July 31, 1979, order, to confinement in the Texas Department of Corrections for not less than two nor more than six years.

Appellant complains that the court erred in sentencing her without having evidence to determine whether she had committed additional violations of her probation since the July 31, 1979, hearing.

The Court of Criminal Appeals previously held that when a trial court finds that allegations of probation violations are true, it may (1) revoke probation, (2) allow probation to continue, or (3) continue the hearing while considering the violations already proven, any mitigating circumstances, and the probationer's subsequent conduct, before making a final decision whether to revoke. *Ex parte Feldman*, 593 S.W.2d 720 (Tex.Cr.App.1980).

*Feldman*, however, was overruled by the Court of Criminal Appeals in *Rogers v. State* ( # 67,334, March 3, 1982).

On the authority of *Rogers*, we sustain appellant's ground of error.

Judgment is reversed and cause remanded.