**Linda Pearl MALLETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 457–82.

Court of Criminal Appeals of Texas, En Banc.

Oct. 19, 1983.

S. Price Smith, Jr., Wichita Falls, for appellant.

Timothy D. Eyssen, Dist. Atty. and Barry L. Macha, Asst. Dist. Atty., Wichita Falls, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

### OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

Appeal is taken from an order revoking probation, appellant having been assessed six years probated upon conviction for the offense of possession of cocaine on March 26, 1979. The order revoking probation was reversed by the Court of Appeals, 632 S.W.2d 208 (Tex.App.—Fort Worth, 1982). In reversing the Court of Appeals relied on our opinion in *Rogers v. State,* 640 S.W.2d 248 (State's Motion for Rehearing at p. 251). In light of our opinion on State's Second Motion for Rehearing, *Rogers v. State,* supra at p. 263, which was handed down at a date following the Court of Appeals' opinion, we granted the State's petition for discretionary review.

At a hearing on a motion to revoke on July 20, 1979, appellant entered a plea of true to the alleged violations of conditions of probation. The court found that appellant had violated such conditions of her probation. Following the court's finding, appellant took the stand, stated that she would change from her then-profession of being a prostitute, and asked that she be given a chance to stay with her child. The court stated that he was not going to make a ruling at that time as to whether he would continue appellant on probation or revoke, "or anything else." On July 31,

1979, the court entered an order revoking probation containing the violation findings made at the hearing on July 20 and reciting that the court was withholding its decision as to whether appellant was to be confined in the Department of Corrections. Subsequent motions to revoke probation were filed on October 16, 1979, December 11, 1979 and on October 24, 1980. On April 20, 1981, the court without hearing further evidence sentenced appellant pursuant to the order revoking probation on July 31, 1979.

No objection was voiced at any stage of the revocation proceedings in the trial court by the appellant. Our opinion in *Rogers v. State,* supra at page 263 (State's Second Motion for Rehearing) is adverse to appellant's claim of deprivation of due process and the judgment of the Court of Appeals.

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

ONION, P.J., dissents.