696 S.W.2d 382 (1985)
In the Matter of J.R.R.
No. C-4338.
Supreme Court of Texas.
September 18, 1985.
*383 Gossom & Cotton, Thomas C. Cotton, Wichita Falls, for petitioner.
James A. Rasmussen, Co. Atty., Jeanmarie Baer, Asst. Co. Atty., Wichita Falls, for respondent.
PER CURIAM.
J.R.R. and two other youths were arrested early one morning riding stolen bicycles. J.R.R. was adjudicated as having engaged in delinquent conduct on the basis of the testimony of T.S., age fifteen, an accomplice. The court of appeals, 689 S.W.2d 516, found that the testimony of T.S. was not corroborated as required by the Texas Family Code § 54.03(e), and since this resulted in insufficient evidence to support the judgment of the trial court, remanded it to that court for another trial.
In Walker v. State, 615 S.W.2d 728 (Tex. Crim.App.1981), this problem was addressed in a case involving an adult. The accused had been convicted of capital murder after his accomplice had testified. The court, however, found that the testimony was not corroborated and therefore, there was insufficient evidence to convict. The court then had to follow the constitutional mandate of Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978):
... the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient, the only "just" remedy available for that court is the direction of a judgment of acquittal. Id. at 18, 98 S.Ct. at 2050-51, 57 L.Ed.2d 14.
Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), applied Burks to the states. The Greene court recognized, as the court had earlier stated in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), that the guarantee against double jeopardy is a part of fundamental fairness. As such it comes within the Fourteenth Amendment's requirement of due process of law.
The question before this court is whether this due process protection applies to juveniles. Although juvenile delinquency procedures are civil in nature, because they may result in the child being deprived of liberty there are certain constitutional protections to which the juvenile is entitled as in a criminal trial. The question of due process was addressed by the U.S. Supreme Court in the landmark decision of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1969)

*384 In Kent v. United States, [383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966)], we stated ... while "We do not mean ... to indicate that the hearing to be held must conform with all of the requirements of a criminal trial or even of the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment." We reiterate this view, here in connection with a juvenile court adjudication of "delinquency," as a requirement which is part of the Due Process Clause of the Fourteenth Amendment of our Constitution.
A juvenile is entitled to due process and is thus given double jeopardy protection and remanding the cause for another trial would violate that right. Therefore, under Tex.R.Civ.P. 483, we grant the application for writ of error and, without hearing oral argument, modify the judgment of the court of appeals and remand the cause to the trial court to render judgment in accordance with this opinion.