In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00050-CR


______________________________




MANGOE DELEON EDDIE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 23,587-B




 




Before Morriss, C.J., Ross and Grant*, JJ.


Opinion by Chief Justice Morriss


Dissenting Opinion by Justice Grant


_________________________

*Ben Z. Grant, Justice, Retired, Sitting by Assignment


O P I N I O N



 Mangoe Deleon Eddie appeals from the 2002 revocation of his community supervision. In
1997, he had been found guilty of retaliation and placed on ten years' community supervision. A
hearing on the State's motion to revoke was conducted concurrently with his trial on a separate
charge of retaliation. He pled true to three counts of the motion to revoke and then proceeded to trial
and was found guilty of the retaliation charge. (1) The trial court revoked his community supervision
and sentenced Eddie to ten years' imprisonment. 

 Eddie makes the following five contentions on appeal:


 he was not given a copy of the conditions of his community supervision or of the amended
application to revoke community supervision,
 the trial court did not consider the full range of punishment,
 he received ineffective assistance of counsel,
 the court erred in finding him competent, and
 the court erred in failing to order a presentence investigation.


Copies of Community Supervision Conditions and of Amended Motion to Revoke

 We first address Eddie's contentions that reversible error is shown by the absence from the
record of proof he received a copy of the conditions of his community supervision or a copy of the
amended motion to revoke community supervision. Eddie's contention is based on his due process
right to have notice of the conditions of his community supervision and the conditions he allegedly
violated. See Caddell v. State, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980); Moore v. State, 11
S.W.3d 495, 499 (Tex. App.-Houston [14th Dist.] 2000, no pet.). Due process requires that
specificity and adequate notice of the conditions of community supervision be provided to a
defendant. McArthur v. State, 1 S.W.3d 323, 335 (Tex. App.-Fort Worth 1999, pet. ref'd); Simpson
v. State, 772 S.W.2d 276, 278 (Tex. App.-Amarillo 1989, no pet.).

 Texas Rule of Appellate Procedure 33.1(a) provides that, to present a complaint for appellate
review, the record must show (1) the complaint was presented by timely request, objection, or
motion and was sufficiently specific to make the trial court aware of the complaint, and (2) the trial
court either ruled or refused to rule and the appellant objected to the refusal. Tex. R. App. P. 33.1(a). 
An objection is required to inform the trial court of the basis of the objection and afford him or her
the opportunity to rule. Purtell v. State, 761 S.W.2d 360, 365 (Tex. Crim. App. 1988). Even
constitutional error may be waived. Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000),
cert. denied, 531 U.S. 1128 (2001).

 Eddie has not shown he alerted the trial court by complaining at any point in the proceedings
that he was not aware of the terms of his community supervision. The claim of error has not been
preserved for review. Further, his response when the allegations of the application to revoke were
read to him shows affirmatively that he was aware of the details of at least one of the terms of his
community supervision. The contention of error is without merit.

 Eddie also contends error is shown because the record does not affirmatively reflect he was
provided with a copy of the State's amended motion to revoke, thus depriving him of due process
because of the lack of notice of the allegations against him. This complaint was also not presented
to the trial court, and for the same reasons stated above, we may not reach it on appeal. See Tex. R.
App. P. 33.1.

Considering the Full Range of Punishment

 Eddie next contends he was denied his right to an impartial forum because the trial court
failed to consider the full range of punishment for this offense. A trial court's arbitrary refusal to
consider the entire range of punishment available for the violation of a criminal law would constitute
a denial of due process. McClenan v. State, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983); East v.
State, 71 S.W.3d 774, 776 (Tex. App.-Texarkana 2002, no pet.); Jefferson v. State, 803 S.W.2d 470,
471 (Tex. App.-Dallas 1991, pet. ref'd).

 Eddie focuses his argument on a statement made by the trial court. This statement was made
after Eddie pled true to three of the allegations. Before finding that Eddie entered his plea
voluntarily, the trial court summarized his options in disposing of the proceeding.

 [T]he law gives me a number of options. The first option is do nothing, leave it the
way it was prior to the time they arrested you on the revocation warrant. The next
option that I have is to extend the period of supervision, that is the length of
probation for up to an additional one year period, or fine you up to a thousand dollars. 
The final option that I have is to revoke your probation and send you to the state
penitentiary for not less than two years nor more than ten years. Do you understand
those are the options that I have?

 Eddie argues this statement reflects the trial court's misunderstanding of the actual options
available and thus necessarily shows the court did not properly consider the full range of punishment
options available. Counsel did not object to this statement. Accordingly, any claim of error has not
been preserved for appellate review. See Tex. R. App. P. 33.1. (2)
 

 Even if the contention were preserved, however, the argument raised in its support is not a
correct statement of the current law. Eddie, relying on Ex parte Feldman, 593 S.W.2d 720, 721
(Tex. Crim. App. 1980), argues the trial court did not consider all of the possibilities because he did
not consider the possibility of keeping the violations already proven before it, continuing the
proceeding, and postponing his final action on the revocation.

 This statement of the law approving that procedure was disavowed by the Texas Court of
Criminal Appeals in Rogers v. State, 640 S.W.2d 248, 255, 263 (Tex. Crim. App. 1981) (1st and 2nd
op. on reh'g). That court held that for due process analysis there was no distinction between
continuing the community supervision and continuing the hearing, and overruled cases (including
Feldman) which approved the procedure of allowing an extended continuance after the hearing and
then later revoking the community supervision. The court found that this procedure was no more
than a charade that was equivalent to continuing the community supervision and that due process in
both instances required another determination that the person on community supervision had
breached the terms of that supervision with full application of due process safeguards.

 Accordingly, the suggestion that an additional option existed in which the trial court could
have postponed its decision is inaccurate. For all intents and purposes, that option is nothing more
than the option of continuing the person on community supervision. The trial court's statement
clearly included that option. We overrule this contention of error.

Ineffective Assistance of Counsel

 Eddie next contends he received ineffective assistance of counsel at the revocation stage of
his trial because counsel did not conduct an investigation into the facts or law or go over the motion
to revoke with him. The standard of testing claims of ineffective assistance of counsel was set out
in Strickland v. Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional claims in
Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To prevail on this claim, an
appellant must prove by a preponderance of the evidence (1) that his or her counsel's representation
fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced
his or her defense. Strickland, 466 U.S. at 687; Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim.
App. 1999). To meet this burden, an appellant must prove that his or her attorney's representation
fell below the standard of prevailing professional norms and that there is a reasonable probability
that, but for the attorney's deficiency, the result of the trial would have been different. Tong v. State,
25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under this standard, a claimant must prove that
counsel's representation so undermined the proper functioning of the adversarial process that the trial
cannot be relied on as having produced a just result. Strickland, 466 U.S. at 686. 

 In a guilty plea, counsel need not undertake the same magnitude of independent factual
investigation when the defendant knowingly and voluntarily pleads guilty to the alleged offense as
would be required in a contested proceeding. Toupal v. State, 926 S.W.2d 606, 608 (Tex.
App.-Texarkana 1996, no pet.). Similarly, where a defendant pleads "true" to allegations, we hold
that failure to conduct a full-fledged independent investigation of the facts does not necessarily result
in counsel rendering constitutionally ineffective assistance.

 In this case, Eddie contends his counsel was ineffective because she was late for hearings and
was held in contempt by the trial court, and also because she arrived late on the date of the
revocation proceeding. From this state of affairs, appellate counsel argues that trial counsel
obviously had no opportunity to discuss with Eddie either the revocation proceeding or the
allegations made against him. That conclusion is not a natural result of the argument. The record
does not show that trial counsel had failed to adequately review the revocation proceedings or inform
her client, but only that she was late for hearings. (3)

 Eddie also argues trial counsel was ineffective because she had difficulty following a proper
procedure for offering exhibits into evidence. The exhibits were, nevertheless, admitted. Even if
her efforts were inartful, there is no harm, because the exhibits were admitted into evidence.

 In connection with that argument, Eddie also says those exhibits should never have been
offered because they were nothing more than extraneous and detrimental matters. The three exhibits
are all letters to defense counsel, written by Eddie. In two of the letters, Eddie graphically described
sexual activities in which he wished to engage with counsel. The third letter is a story in which
Eddie portrayed himself as a Venus fly-trap and the complainant as a scorpion, and described a self-destructive relationship between the characters.

 This argument ignores the fact that counsel was attempting to defend Eddie by using the
exhibits to help establish that Eddie was incompetent or suffered from diminished capacity and to
reinforce the mitigating idea that Eddie's offenses had been committed by words only, not by any
physically aggressive acts. We cannot say that introducing these exhibits served no purpose, and we
will not second-guess counsel where there is a plausible basis in strategy or tactics for counsel's
actions. See Ex parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980); Jensen v. State, 66
S.W.3d 528, 543 (Tex. App.-Houston [14th Dist.] 2002, no pet.).

 Eddie also contends counsel was ineffective because she offered testimony by witnesses at
the revocation rather than the punishment stage who testified that Eddie needed psychiatric
assistance, that he had not physically assaulted anyone, and that he had a peaceful history as a high
school student. At that point in the proceeding, however, the court was still considering whether to
continue or revoke community supervision, and such matters clearly would be relevant to that
decision. Counsel was not ineffective for questioning Eddie's witnesses about these matters. We
overrule this contention of error.

Competency

 Eddie next contends the trial court erred by continuing with the revocation proceeding
without holding a hearing after the evidence raised his legal competency to stand trial as an issue. 
In support of this contention, counsel directs this Court to testimony by Jack Gilbert, a licensed
professional counselor, opining that Eddie needed to be under a physician's care because he was
mentally ill and had serious mental problems. Eddie argues the report by Dr. John Hall that he was
competent at the time Hall examined him (in December 2001) was insufficient to defeat the
testimony referenced above because the hearing in question occurred two months after Hall
examined Eddie.

 A person is presumed to be competent to stand trial unless proven incompetent. Tex. Code
Crim. Proc. Ann. art. 46.02, § 1A(b) (Vernon Supp. 2003). A person is incompetent to stand trial
if that person lacks "sufficient present ability to consult with [that] person's lawyer with a reasonable
degree of rational understanding; or . . . [if that person lacks] a rational as well as factual
understanding of the proceedings against [that] person." Tex. Code Crim. Proc. Ann. art. 46.02,
§ 1A(1), (2) (Vernon Supp. 2003). If evidence of the defendant's incompetence is brought to the
court's attention from any source, the court must conduct a hearing (or inquiry) out of the presence
of the jury to determine whether there is evidence to support a finding of incompetency to stand trial. 
Tex. Code Crim. Proc. Ann. art. 46.02, § 2(b) (Vernon 1979).

 A Section 2 hearing is required only if the evidence brought to the trial court's attention is
such as to raise a bona fide doubt in the court's mind as to the defendant's competency to stand trial. 
Alcott v. State, 51 S.W.3d 596, 601 (Tex. Crim. App. 2001); Collier v. State, 959 S.W.2d 621, 625
(Tex. Crim. App. 1997). In general, a bona fide doubt is raised, so as to require a Section 2 hearing,
only if the evidence indicates recent severe mental illness, at least moderate mental retardation, or
truly bizarre acts by the defendant. Collier, 959 S.W.2d at 625; Mata v. State, 632 S.W.2d 355, 359
(Tex. Crim. App. 1982).

 A careful review of the record, focusing on Eddie's testimony and responses in various court
appearances, reveals a lucid and rational, though troubled, person able to carry on a dialogue. That
was true in June 1996 when the original retaliation charge was heard and Eddie received deferred
adjudication. It was true in March 1997 when he was adjudicated on the initial retaliation charge
and received community supervision. It was also true during the February 7, 2002, hearing in which
the State sought to revoke Eddie's community supervision. During that hearing, Eddie may have
exhibited a questionable mental state when, after consulting with his attorney, he advised the trial
court that "someone is trying to kill me." Even assuming, however, Eddie's belief was false and
therefore arguably paranoid, such paranoia would not be evidence of any inability to confer with his
attorney in connection with his defense or of any lack of rational or factual understanding of the
charges against him.

 Later in the hearing, Mr. Gilbert, a licensed professional counselor, testified Eddie suffered
from "generalized anxiety disorder," had "extreme paranoid features," and was "highly suspicious." 
While that is troubling, it is, again, no indicator Eddie was incompetent to stand trial. The trial court
did inquire of Gilbert about, and established that Gilbert was not saying anything tending to
establish, present incapacity to stand trial. In the court's questioning of Gilbert, factors were elicited
to the contrary, tending to demonstrate Eddie's present competency to stand trial, including that
Eddie then knew right from wrong, had intact memory functions, and was oriented to time, place,
and person. At no time did Gilbert testify to anything which tended to suggest (1) Eddie could not
effectively consult with his attorney, (2) Eddie lacked rational or factual understanding of the charges
against him, or (3) in general that Eddie was not competent to stand trial. Though not controlling,
it is worth noting that Gilbert's testimony appeared to be offered to show diminished capacity in
general and thereby to mitigate the offense or the sentence, not to demonstrate lack of present
competency to stand trial.

 Before the hearing, defense counsel had previously raised concerns about Eddie's capacity. 
In response, the trial court ordered that Eddie be examined by Hall, who found in December 2001,
that he was competent. When Eddie's psychologist witness, Gilbert, testified during the nonjury
hearing in February 2002, the court inquired and thereby apparently confirmed for itself that Eddie
was presently competent to stand trial.

 We believe the trial court did what was required under the circumstances: conduct an inquiry
and satisfy itself whether there was any evidence of Eddie's incompetency. Tex. Code Crim. Proc.
Ann. art. 46.02, § 2(b). As there was no jury empaneled, there was no need to conduct the inquiry
in a separate hearing.

 Error has not been shown. We overrule this contention of error.

Presentence Investigation

 Eddie next contends the trial court committed reversible error by failing to order a
presentence investigation pursuant to Tex. Code Crim. Proc. Ann. art. 42.12, § 9(g) (Vernon Supp.
2003).

 In Whitelaw v. State, 29 S.W.3d 129 (Tex. Crim. App. 2000), the Texas Court of Criminal
Appeals unanimously held the trial court must order preparation of a PSI report in a felony case
unless the exceptions of Section 9(g) apply. Even if the exceptions do apply, Whitelaw held the trial
court must order one prepared when requested by the defendant. In so holding, the court disapproved
of cases holding the trial court has discretion in such cases to order preparation of a PSI report. Id.
at 132, 134.

 From a strict reading of the statute, we question whether a PSI report is available at the point
of revocation. Article 42.12, § 9(a) specifies that one must be prepared "before the imposition of
sentence." Technically, the sentence has previously been pronounced and imposed after the finding
of guilt, but the imposition is then suspended when the defendant is placed on community
supervision. Arguably, then, the statute does not apply in this context, and Eddie was not entitled
to a PSI report. The breadth of Whitelaw and the strength of its language, however, suggests
otherwise. 

 In this case, however, we need not reach that question. An error in failing to order a PSI
report is waived if the defendant fails to object to the failure or bring the failure to the trial court's
attention. Buchanan v. State, 68 S.W.3d 136, 140 (Tex. App.-Texarkana 2001, no pet.); see
Summers v. State, 942 S.W.2d 695 (Tex. App.-Houston [14th Dist.] 1997, no pet.); Wright v. State,
873 S.W.2d 77 (Tex. App.-Dallas 1994, pet. ref'd). In this case, Eddie did not object to the trial
court's failure to order a PSI report or bring it to the trial court's attention either at the hearing or in
his motion for new trial. Further, this record does not indicate one was requested. Thus, he waived
any complaint. We overrule this contention of error.



 We affirm the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice



DISSENTING OPINION

 There are two stages in the competence-determination process. Alcott v. State, 51 S.W.3d
596, 601 (Tex. Crim. App. 2001) (Price, J., concurring). First, the trial court conducts an inquiry
into the accused's competence to stand trial. Id. The second stage is a hearing before the jury on the
merits of the claim. Id. 

 There are two ways a defendant's competency may be raised. The first is before trial by
written motion by the defendant by counsel or by the court. Tex. Code Crim. Proc. Ann. art. 46.02,
§ 2(a) (Vernon 1979). The competency of the defendant may also be raised during trial, as stated
in the Texas Code of Criminal Procedure:

 If during the trial evidence of the defendant's incompetency is brought to the attention
of the court from any source, the court must conduct a hearing out of the presence of
the jury to determine whether or not there is evidence to support a finding of
incompetency to stand trial.

Tex. Code Crim. Proc. Ann. art. 46.02, § 2(b) (Vernon 1979) (emphasis added). If the accused's
competency is raised before trial by motion or during trial, the court must conduct a preliminary
inquiry into the competency of the accused. 

 The Texas Court of Criminal Appeals has required a trial court to possess a bona fide doubt
as to the defendant's competency to trigger a competency inquiry during trial under Section 2(b). 
Alcott, 51 S.W.3d at 601. The court had said a bona fide doubt exists "if the evidence indicates
recent severe mental illness, at least moderate mental retardation, or truly bizarre acts by the
defendant." Collier v. State, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997). If the trial court has a
bona fide doubt, the court should conduct an inquiry outside the presence of the jury, at which time
the court should determine whether there is some evidence of incompetency. Alcott, 51 S.W.3d at
602. At that point, after the court has found a bona fide doubt of the defendant's incompetency, a
mere finding of "some evidence," which constitutes a quantity more than none or a scintilla standard,
of incompetency triggers an actual competency hearing before a jury. Id. 

 As the law stands now, establishing a question of the accused's competency to trigger a
preliminary inquiry is more difficult to achieve than it is to meet the threshold to receive the actual
competency hearing by a jury.

 Because a competency inquiry is a prerequisite to reach a hearing on competency before the
jury, the bona fide doubt standard should be a lower threshold than the evidence to support a finding
by a jury of incompetency. As the law stands, the threshold for reaching the initial competency
inquiry is higher than the competency hearing before a jury on the merits. 

 The standard by which a trial court should consider whether a defendant's competency was
sufficiently raised during trial should be in accordance with the Texas Code of Criminal Procedure. 
Therefore, if an issue was raised during trial that questioned whether a defendant had the sufficient
present ability to consult with his or her lawyer, or if an issue was raised as to whether the defendant
had a rational and factual understanding of the proceedings against that defendant, then a judge
should conduct a preliminary inquiry into the defendant's competency, as provided by Section 2(b). 
Instead, the Texas Court of Criminal Appeals has set up a requirement that the trial court should
consider that bona fide doubt exists if the evidence indicates recent severe mental illness, at least
moderate retardation, or truly bizarre acts by the defendant. Collier, 959 S.W.2d at 625. This is a
judicially created standard which is not consistent with the Legislature's determination of what
competency is. This departure from the substantive standard set out for mental competency to stand
trial amounts to a usurping of the Legislature's law-making authority. It amounts to more than an
interpretation or application of the Code of Criminal Procedure. 

 The present case comprised facts that sufficiently raised the defendant's competency during
trial. It appears from the record that the issue of Eddie's competency was raised several times, and
there was never a separate hearing inquiring about his fitness to stand trial. Specifically, before trial
on the merits began, the court asked some questions of Eddie. The following was said at that time:

 [EDDIE]: Well, I can't answer that question because I really don't
know. Like I said, I've had -- I've seen some things -- .


 THE COURT: If you don't know -- .


 [EDDIE]: Man, somebody is trying to kill me, man. Someone --
someone -- I've got an audio tape that can prove my -- prove my innocence. 
Someone's trying to kill me. Something's going on.


 THE COURT: Who tried to kill you?


 [EDDIE]: There's a dead guy up in Denton, Texas, that they say
committed suicide. Something's going on.


 THE COURT: What's that got to do with Gregg County Jail? That's
what I'm asking you.


 [EDDIE]: While I was up there in Denton, County, trying to clear my
name -- .


 THE COURT: No. I'm asking you about -- .


 [EDDIE]: -- my lawyer told me to come down to Longview --.


 THE COURT: Hold on, Mr. Eddie.


 [EDDIE]: -- and turn myself in -- .


 THE COURT: Hold on.


 [EDDIE]: -- and then pick up Scrappy Holmes as my lawyer.


 THE COURT: Listen. I told you to hold on. I'm talking right this
minute. I'm talking about Gregg County confinement -- whether you've been
deprived [sic] any rights while you've been in Gregg County's custody. It's a simple
question. Have you or haven't you?


 [EDDIE]: I don't know what you're asking.


 THE COURT: You know what your rights are.


 [EDDIE]: No, I don't.


 THE COURT: You don't?


 [EDDIE]: Because I've tried to talk to some of these jailers over here,
and they would answer back on the grievance form okay.


 THE COURT: I find that the accused enters his plea freely,
voluntarily, knowingly, and intelligently to those three particular allegations. And
the Court is going to find them true accordingly. And a plea of not true is entered to
all the other allegations contained in the amended application to revoke probation. 
I take judicial notice of all documents on file in this cause and any proceeding in this
cause over which I have personally presided. And by agreement of the Defendant
and Counsel previously, this matter -- the revocation and the plea of not guilty in
Cause Number 28,783-B are heard simultaneously. 


 In addition to Eddie's testimony raising his competency, his attorney pleaded to the trial court
that Eddie was in need of psychological assistance. Moreover, Eddie's counsel introduced three
letters written by Eddie that were mailed to his counsel in an attempt to raise a question as to Eddie's
competency. Specifically, the letters Eddie mailed to his attorney include very explicit sexual
suggestions. But more importantly, the letters raise an issue as to Eddie's competency because they
illustrate he did not have the ability to consult with his attorney with a reasonable degree of rational
understanding. See Tex. Code Crim. Proc. Ann. art. 46.02, § 1A(a)(1) (Vernon Supp. 2003). 
Moreover, in one particular letter, Eddie wrote to his attorney, "Please help me [--] I need mental
help." 

 A fact-finder may ultimately determine this evidence is self-serving on Eddie's part, but there
is sufficient evidence to raise the issue of mental incompetency.




 For these reasons, I would remand to the trial court to conduct an inquiry into whether the
defendant was competent at the time of the trial. I respectfully dissent. 

 


 Ben Z. Grant

 Justice*


*Justice, Retired, Sitting by Assignment


Date Submitted: October 30, 2002

Date Decided: January 9, 2003


Publish

 
1. That conviction is also on appeal before this Court in cause number 06-02-00051-CR.
2. This Court has recently reaffirmed the holding that, within the context of revocation
hearings, where the issue is the preservation of due process complaints, a due process objection must
have been raised before the trial court to preserve it for appellate review, even where the defendant
has a manifestly meritorious claim. In re J.L.D., 74 S.W.3d 166, 169 (Tex. App.-Texarkana 2002,
no pet.); see Rogers v. State, 640 S.W.2d 248, 265 (Tex. Crim. App. 1982) (opinion on state's second
motion for rehearing).


3. The Texas Court of Criminal Appeals has recognized that a reviewing court will only rarely
be provided with a record capable of providing a fair evaluation of the merits of a claim of
ineffective assistance of counsel. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999);
Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). To defeat the presumption of
reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness." McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). In such a case, where the alleged derelictions
primarily are errors of omission outside the record rather than commission revealed in the trial
record, collateral attack may be the vehicle by which a thorough and detailed examination of alleged
ineffectiveness may be developed and spread upon a record. Jackson, 973 S.W.2d at 957.