

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00095-CV

_____

IN RE:   OLIVER WENDELL HART, III

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

By this original proceeding, Relator, Oliver Wendell Hart, III, appearing pro se, seeks a writ of mandamus asking this Court to "REVERSE the void order" of the Fifth Judicial District Court of Bowie County, Texas, and requesting that all withdrawn funds from his inmate trust account be returned to that account. The withdrawal notification in question directs the Texas Department of Criminal Justice, pursuant to Section 501.014(e) of the Texas Government Code,[1] to collect $10,238.00 from Hart's trust fund account to pay a fine and court costs incurred in cause number 04F0275-005, styled *The State of Texas v. Hart, Oliver Wendell III*. *See* TEX. GOV'T CODE ANN. § 501.014(e). For the reasons stated herein, we deny Hart's request.

**Background**

Hart was convicted of the offense of manufacture of a controlled substance in cause number 04F0275-005 and was sentenced to serve thirty years in the Texas Department of Criminal Justice—Institutional Division (TDCJ). Hart was also fined $10,000.00 and was ordered to pay court costs of $238.00. The final judgment of conviction was entered on May 24, 2005.

In July 2008, Hart was released from confinement and placed on parole. While on parole, Hart committed a second drug-related offense. Hart was convicted for the second offense in the Fifth Judicial District Court of Bowie County, cause number 06F0380-005 and was sentenced to

---

[1]This section of the Texas Government Code provides, "On notification by a court, the department shall withdraw from an inmate's account any amount the inmate is ordered to pay by order of the court under this subsection." This section of the Texas Government Code further sets forth a schedule of priorities by which withdrawals and payments shall be made. TEX. GOV'T CODE ANN. § 501.014(e) (West Supp. 2010).

2

serve forty-five years in the TDCJ. The final judgment in that case was entered on January 28, 2010. No fine was assessed, but Hart was ordered to pay court costs of $233.00.

On August 23, 2010, the trial court entered an "Order to Withdraw Funds"[2] in cause number 04F0275-005, directing the TDCJ to levy against Hart's inmate account for payment of the fine and court costs assessed against him.[3] The withdrawal notification was entered pursuant to Section 501.014 of the Texas Government Code.

---

[2]This document is not an "order" in the traditional sense of a court order or judgment issued after notice and hearing in either a civil or criminal proceeding. The controlling statute, TEX. GOV'T CODE ANN. § 501.014(e), describes the process as a "notification by a court" directing prison officials to withdraw sums from an inmate's account, in accord with a schedule of priorities set by the statute, for the payment of "any amount the inmate is ordered to pay by order of the court." *See* TEX. GOV'T CODE ANN. § 501.014(e)(1)–(6); *see also Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009). The Amarillo court has described this document as akin to a judgment nisi, because such a judgment

> is a provisional judgment entered when an accused fails to appear for trial. A judgment nisi triggers the issuance of a capias and it serves as notice of the institution of a bond forfeiture proceeding. It is not final or absolute, but may become final. *See Safety Nat'l Cas. Corp. v. State*, 273 S.W.3d 157, 163 (Tex. Crim. App. 2008). Nisi means "unless," so a judgment nisi is valid unless a party takes action causing it to be withdrawn. *Id.* Similarly, a withdrawal notification issued pursuant to § 501.014(e), triggers the withdrawal from an inmate account, serves as notice of the collection proceeding, and continues to operate unless the inmate takes action causing the notification to be withdrawn. Therefore, rather than refer to that document as an order, we prefer to use the term "withdrawal notification" to avoid confusion with an underlying court order or judgment actually ordering the payment of a sum certain, falling within at least one of the six priority categories listed in the statute.

*Snelson v. State*, 07-10-0259-CV, 2010 WL 4539376, at *1 n.1 (Tex. App.—Amarillo Nov. 10, 2010, no pet.) (per curiam).

[3]The order to withdraw notification provides:

> THE COURT ORDERS that payment be made out of the offender's Inmate Trust Account as follows:
> Pay an initial amount equal to the lesser of:
>     (1)    15% of the account balance up to and including $100, plus 25% of any portion of the account balance that is between $100.01 and $500 inclusive, plus 50% of any portion of the account balance that is more than $500; or

In his petition, Hart complains that he was not afforded procedural due process prior to the State's withdrawal of funds. Specifically, he contends the withdrawal notification was entered "without warning, pleadings, or notification to relator against relator's Constitutional rights." Hart further complains that at the time the withdrawal notification was entered in August 2010, he was on parole for the offense from which the order stems. Hart claims the withdrawal notification is void.

On April 13, 2011, Hart filed a "Motion to Correct Void Judgment Entered in by the Fifth Judicial District Court to Withdraw Funds From Inmate's Account After His Release on Parole," asking the court to withdraw its withdrawal notification. On April 19, 2011, the trial court entered an order overruling defendant's objections to the withdrawal notification.

In *Harrell*, the Texas Supreme Court held that a withdrawal notification directing prison officials to withdraw money from an inmate trust account pursuant to Section 501.014(e) is a civil matter akin to a garnishment action or an action to obtain a turnover order. *Harrell*, 286 S.W.3d at 317–19; *see also Johnson v. Tenth Judicial Dist. Court of Appeals at Waco*, 280 S.W.3d 866, 869 (Tex. Crim. App. 2008) (orig. proceeding) (holding withdrawal of funds from inmate trust

---

(2)    The total amount of court costs, fees and/or fines and/or restitution that remains unpaid.

After the payment of the initial amount, the offender shall pay an amount equal to the lesser of:

(1)    10% of each deposit in the Inmate Trust Account; or

(2)    The total amount of court costs, fees and/or fines and/or restitution that remains unpaid.

Payments are to continue until the total amount of the court costs, fees and/or fines and/or restitution are paid, or the offender is released from confinement.

accounts not criminal matter). The *Harrell* court held that due process entitles an inmate to receive notice and an opportunity to be heard, even though those requirements might be accorded the inmate after funds are withdrawn. *Harrell*, 286 S.W.3d at 321. Discussing the due process accorded to the appellant, the court balanced the three factors discussed in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), and found that Harrell had "already received some measure of due process." *Harrell*, 286 S.W.3d at 320. Because Harrell had received notice (a copy of the withdrawal notification) and an opportunity to be heard (a motion to rescind), the court concluded he had received all that due process required.[4] *Id.* at 321. The court added, "The Constitution does not require pre-withdrawal notice or a comprehensive civil garnishment proceeding." *Id.*

**Jurisdiction**

Because Hart's complaint does not involve a criminal matter, it cannot be addressed as a direct appeal from a criminal conviction. *See Johnson*, 280 S.W.3d at 874. Accordingly, we must determine whether this is an appealable civil proceeding or whether mandamus is appropriate. *See In re Pannell*, 283 S.W.3d 31, 34 (Tex. App.—Fort Worth 2009, orig. proceeding).

**Standard of Review**

We may grant a petition for writ of mandamus when the relator shows that there is no adequate remedy at law to redress the alleged harm and that the act to be compelled is purely

---

[4]In contrast to this case, the trial court in *Harrell* ruled on the motion to rescind; the Texas Supreme Court affirmed the trial court's order denying Harrell's objections to the withdrawal orders. *Harrell*, 286 S.W.3d at 316.

ministerial. *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding). An order entered without due process is void. *Cf. In re Taylor*, 130 S.W.3d 448, 449 (Tex. App.—Texarkana 2001, orig. proceeding); *cf. also Abdullah v. State*, 211 S.W.3d 938, 942 (Tex. App.—Texarkana 2007, no pet.) (order removing funds from inmate's account did not afford procedural due process for inmate's property interest). Mandamus relief may be afforded where the trial court's order is void. *In re Acceptance Ins. Co.*, 33 S.W.3d 443, 454 (Tex. App.—Fort Worth 2000, orig. proceeding); *see also Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973) (orig. proceeding) (providing mandamus relief for void nunc pro tunc judgment entered after original judgment had become final). If the subject notification is void, the relator need not show he did not have an adequate appellate remedy, and mandamus relief is appropriate. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).

**Withdrawal Notification Is Not Void**

Hart contends the trial court violated his procedural due process rights when it ordered the withdrawal of funds from his inmate trust account "without warning, pleadings, or notification to relator against relator's Constitutional rights." Texas courts have long recognized that prisoners have a property interest in their inmate trust accounts. *Harrell*, 286 S.W.3d at 319. The Texas Supreme Court has held that an inmate is entitled to notice via copy of the withdrawal order, or other notification from the trial court, and an opportunity to be heard. *Id.* at 321. Further, neither notice nor the opportunity to be heard need occur before the funds are withdrawn. *Id.* In this

6

case, Hart received a copy of the withdrawal notification from the trial court. Thus, according to *Harrell*, Hart received notice sufficient to justify the requirement of due process.

In *Harrell*, the defendant filed a motion to rescind the trial court's order of withdrawal. That motion was denied, thus satisfying the second prong of the due process analysis. *Id.* at 320. In this case, after having received a copy of the withdrawal notification (filed of record on August 23, 2010), Hart filed a motion to correct the notification on April 13, 2011. The trial court entered an order overruling Hart's objections to the withdrawal notification. Thus, again in accord with *Harrell*, Hart was accorded an opportunity to be heard. The second prong of the due process analysis is therefore satisfied. *Id.*

Next, Hart contends the notification is void because at the time it was entered (in August 2010), Hart's parole for the underlying offense for which the fine and court costs were rendered had not been revoked. In other words, Hart was technically "on parole" for the subject offense (even though he was incarcerated at the time of the order for the second offense). Hart supports this assertion with two arguments. First, Hart relies on *Ex parte Kuester*, 21 S.W.3d 264 (Tex. Crim. App. 2000) (orig. proceeding), and TEX. GOV'T CODE ANN. § 508.150 (West 2004), for the proposition that his conviction ceased to exist once he was placed on parole. Second, Hart relies on the language of the notification itself, which states that payment is to continue until "paid, or the offender is released from confinement."

7

Section 508.150 of the Texas Government Code addresses consecutive felony sentences and requires a parole panel to designate the date the inmate would have been eligible for release on parole:

> [T]he judgment and sentence of an inmate sentenced for a felony, other than the last sentence in a series of consecutive sentences, cease to operate:
> (1)     when the actual calendar time served by the inmate equals the sentence imposed by the court; or
> (2)     on the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence.

TEX. GOV'T CODE ANN. § 508.150 (West 2004). *Kuester* does not, however, indicate that a conviction "ceases to exist" when the inmate is placed on parole. In such a situation, a sentence imposed as a result of a conviction "ceases to operate." *Kuester*, 21 S.W.3d at 270–72. In any event, the authority upon which Hart relies does not indicate that a withdrawal notification becomes void when an inmate is placed on parole.

Hart also relies on the language of the notification, which directs payment to continue until "paid, or the offender is released from confinement." There is nothing in Section 501.014 which prohibits collection of fines and court costs from being levied during a defendant's subsequent stay in prison. *See* TEX. GOV'T CODE ANN. § 501.014 (West 2010). The judgment specifically assessed a fine of $10,000.00 and court costs of $238.00. Section 501.014 specifically provides for the recovery of those sums from an inmate's account. Moreover, there is no authority to indicate the notification is rendered void when an inmate is released and is then reincarcerated.

8

For the foregoing reasons, we decline to find the withdrawal notification void.   Mandamus directing the trial court to "reverse the void order" is thus not supported by the facts or by the law. Moreover, Hart has heretofore objected to the notification and the trial court issued an order overruling those objections.   Thus, it appears Hart has an adequate remedy at law in the appeal of the order overruling his objections.

**Adequate Remedy at Law**

Generally, appellate review of withholding notifications is by appeal.  *See Harrell*, 286 S.W.3d at 321; *Pannell*, 283 S.W.3d at 36 (denying mandamus relief from withdrawal notification because remedy is by appeal).   "Whether an appellate remedy is adequate so as to preclude mandamus review depends heavily on the circumstances presented."   *Pannell*, 283 S.W.3d at 34 (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 137 (Tex. 2004) (orig. proceeding)). Orders issued under Section 501.014(e) are civil, and, therefore, directly appealable to the intermediate courts of appeals.   *Johnson*, 280 S.W.3d at 872–74.

Because the order overruling Hart's objections to the withdrawal notification was issued pursuant to Section 501.014, the remedy of direct appeal was available to him.  The "Order Overruling Defendant's Objections to Order to Withdraw Funds" was signed by the trial court on April 19, 2011.   In order to perfect his civil appeal of this matter, Hart was required to file a notice

9

of appeal within thirty days of April 19, 2011. *See* TEX. R. APP. P. 26.1.[5] Hart failed to comply with this deadline.

The record does not indicate when Hart received notice of this order. If Hart did not receive this order or have actual notice of it within the time frame in which to file his appeal, he nevertheless had available to him the procedures set forth in Rules 306a(4) and (5).[6] Given the appropriate circumstance, Hart may also have been entitled to file a restricted appeal. *See* TEX. R. APP. P. 26.1.[7]

Because Hart did not avail himself of the procedures available to file a notice of appeal, he lost the opportunity to file a direct appeal even though that avenue was available to him. Failure to comply with rules which would have given Hart time to file his notice of appeal "is not a sufficient excuse to justify issuance of mandamus." *Pannell*, 283 S.W.3d at 35. Mandamus is not available if another remedy, though it would have been adequate, was not timely exercised.

---

[5]This Court has not been provided with any post-judgment motions or requests which would extend the time for filing a notice of appeal.

[6]If a party adversely affected by an appealable order, such as the one at issue here, does not receive notice from the district clerk or acquire actual knowledge of the order within twenty days of the date it was signed, the post-judgment timetables begin on the date the party received notice of the order, provided the affected party complies with the requirements of Rule 306a of the Texas Rules of Civil Procedure, if notice or actual knowledge is obtained within ninety days of the date the order was signed. TEX. R. CIV. P. 306a(4). Nothing in the record before this Court indicates Hart filed a sworn motion and notice indicating the date on which he actually received the order. *See* TEX. R. CIV. P. 306a(5).

[7]In the circumstance notice of an appealable order is not received until all appellate deadlines have passed, a litigant may be entitled to file a bill of review. *See* TEX. R. CIV. P. 329b(f).

*In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 614 (Tex. 2006) (orig. proceeding).

The order overruling Hart's objections to the withdrawal notification is final and appealable. *See Harrell*, 286 S.W.3d at 321. Because Hart had an adequate remedy by appeal,[8] his petition for writ of mandamus is denied.

Bailey C. Moseley
Justice

Date Submitted:     September 28, 2011
Date Decided:       September 29, 2011

---

[8]Hart has submitted no evidence that he did not receive the order in sufficient time to exercise any appellate remedy.