

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00500-CV

| | | |
|---|---|---|
| Bobby Joe Roberts | § | From the 355th District Court |
| | § | of Hood County (7263) |
| v. | | |
| | § | February 7, 2013 |
| The State of Texas | § | Opinion by Justice McCoy |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was error in the trial court's order. The trial court's withdrawal order is modified to delete the requirement that Bobby Joe Roberts pay court-appointed attorney's fees. It is ordered that the order of the trial court is affirmed as modified.

SECOND DISTRICT COURT OF APPEALS

By_____

Justice Bob McCoy



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00500-CV

BOBBY JOE ROBERTS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    APPELLEE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## OPINION

----------

In one issue, pro se Appellant Bobby Joe Roberts appeals the trial court's order requiring him to pay attorney's fees for his court-appointed trial attorney. We modify the trial court's order to withdraw funds and affirm it as modified.[1]

---

[1]*See* Tex. R. App. P. 43.2(b).

On October 14, 1996, Roberts pleaded guilty to intoxication manslaughter, was sentenced to fifty years' confinement, and was ordered to pay $126.50 in court costs and $250.00 in attorney's fees. The record indicates that Roberts was represented by appointed counsel at trial. After the trial court ordered the funds withdrawn from Roberts's inmate trust account, Roberts filed a motion to modify the trial court's withdrawal order. In his motion, Roberts argued that there had been no material change in his financial resources since the court found him indigent and asked the trial court to delete the attorney's fees from the order.[2] The trial court denied Roberts's motion, and this appeal followed.

Both parties have informed us that the Texas Department of Criminal Justice (TDCJ) has released Roberts on parole.

In his sole issue, Roberts complains that the trial court abused its discretion by ordering him to pay court-appointed attorney's fees despite finding him indigent. The State agrees with Roberts, but as a threshold issue, it argues that Roberts's release may render his complaint moot because the trial court ordered a withdrawal of funds from Roberts's inmate account but Roberts is no longer incarcerated.

"An issue may become moot when a party seeks a ruling on some matter that, when rendered, would not have any practical legal effect on a then-existing

---

[2]Roberts acknowledged that section 501.014(e) of the government code required him to pay the court costs regardless of his ability to pay. *See* Tex. Gov't Code Ann. § 501.014(e) (West 2012).

controversy." *Meeker v. Tarrant Cnty. Coll. Dist.*, 317 S.W.3d 754, 759 (Tex. App.—Fort Worth 2010, pet. denied). We must set aside the judgment and dismiss the case when an appeal is moot. *Id.*

Although no longer incarcerated, Roberts remains in TDCJ custody while on parole. *See* Tex. Gov't Code Ann. §§ 508.001(6), 508.143(a) (West 2012). Furthermore, section 501.014(e) of the government code, which permits withdrawal of funds from an inmate's trust account to pay court costs, does not prohibit collecting court costs during a defendant's subsequent prison stay. *Id.* § 501.014(e); *In re Hart*, 351 S.W.3d 71, 76 (Tex. App.—Texarkana 2011, no pet.).

Given that Roberts remains in TDCJ custody while on parole and that the trial court's order would still be effective to collect court costs from Roberts's inmate trust account should he return to prison, we hold that the issue is not moot; therefore, we have jurisdiction to decide the issue. *See Meeker*, 317 S.W.3d at 759.

We review a trial court's decision to deny a motion to modify a withdrawal order for an abuse of discretion. *Malone v. State*, Nos. 02-10-00383-CV, 02–10–00384–CV, 02–10–00385–CV, 02–10–00386–CV, 02–10–00387–CV, 02–10–00388–CV, 02–10–00389–CV, 02–10–00390–CV, 2012 WL 579472, at *1 (Tex. App.—Fort Worth Feb. 23, 2012, pet. denied) (mem. op. on reh'g). A trial court abuses its discretion if it acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609,

4

614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). A trial court also abuses its discretion by ruling without supporting evidence. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). But an abuse of discretion does not occur when the trial court bases its decision on conflicting evidence and some evidence of substantive and probative character supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

Before a trial court can require a defendant to repay court-appointed attorney's fees, it must first determine whether the defendant has the financial resources and the ability to pay. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2012); *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2012). When the trial court requires an indigent defendant to pay court-appointed attorney's fees in violation of article 26.05(g), the appellate court should modify the withdrawal order by removing the attorney's fees. *See Mayer*, 309 S.W.3d at 557.

Nothing in the record indicates that Roberts's financial resources changed during the pendency of the trial court's proceedings. Thus, we hold that the trial court abused its discretion by requiring Roberts to pay court-appointed attorney's fees. *See id.* at 556.

5

Accordingly, we modify the trial court's withdrawal order to delete the requirement that Roberts pay court-appointed attorney's fees and affirm the order as modified.  Tex. R. App. P. 43.2(b).

BOB MCCOY
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

DELIVERED:  February 7, 2013

6