02-11-500-CV









 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

 

NO.
02-11-00500-CV

 

 


 
 
 Bobby Joe Roberts
  
  
 v.
  
  
 The State of Texas
 
 
 §
  
 §
  
 §
  
 §
 
 
 From the 355th District Court
  
 of Hood County (7263)
  
 February 7, 2013
  
 Opinion by Justice McCoy
 
 


 

JUDGMENT

 

          This court has
considered the record on appeal in this case and holds that there was error in
the trial court’s order.  The trial court’s withdrawal order is modified to delete
the requirement that Bobby Joe Roberts pay court-appointed attorney’s fees.  It
is ordered that the order of the trial court is affirmed as modified.

 

SECOND
DISTRICT COURT OF APPEALS

 

 

 

By_________________________________

    Justice Bob McCoy








 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

 

NO.
02-11-00500-CV

 

 


 
 
 Bobby Joe Roberts
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 THE State of texas
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 355th District Court OF hood COUNTY

----------

OPINION

----------

          In one issue, pro
se Appellant Bobby Joe Roberts appeals the trial court’s order requiring him to
pay attorney’s fees for his court-appointed trial attorney.  We modify the
trial court’s order to withdraw funds and affirm it as modified.[1]

          On October 14,
1996, Roberts pleaded guilty to intoxication manslaughter, was sentenced to
fifty years’ confinement, and was ordered to pay $126.50 in court costs and
$250.00 in attorney’s fees.  The record indicates that Roberts was represented
by appointed counsel at trial.  After the trial court ordered the funds
withdrawn from Roberts’s inmate trust account, Roberts filed a motion to modify
the trial court’s withdrawal order.  In his motion, Roberts argued that there
had been no material change in his financial resources since the court found
him indigent and asked the trial court to delete the attorney’s fees from the
order.[2]  The
trial court denied Roberts’s motion, and this appeal followed.

          Both parties have
informed us that the Texas Department of Criminal Justice (TDCJ) has released Roberts
on parole.

          In his sole issue,
Roberts complains that the trial court abused its discretion by ordering him to
pay court-appointed attorney’s fees despite finding him indigent.  The State
agrees with Roberts, but as a threshold issue, it argues that Roberts’s
release may render his complaint moot because the trial court ordered a withdrawal
of funds from Roberts’s inmate account but Roberts is no longer incarcerated.

          “An issue may become moot when a party seeks a
ruling on some matter that, when rendered, would not have any practical legal
effect on a then-existing controversy.”  Meeker v. Tarrant Cnty. Coll. Dist.,
317 S.W.3d 754, 759 (Tex. App.—Fort Worth 2010, pet. denied).  We must set
aside the judgment and dismiss the case when an appeal is moot.  Id.

          Although no longer incarcerated, Roberts remains
in TDCJ custody while on parole.  See Tex. Gov’t Code Ann. §§
508.001(6), 508.143(a) (West 2012).  Furthermore, section 501.014(e) of the
government code, which permits withdrawal of funds from an inmate’s trust
account to pay court costs, does not prohibit collecting court costs during a
defendant’s subsequent prison stay. Id. § 501.014(e); In re Hart,
351 S.W.3d 71, 76 (Tex. App.—Texarkana 2011, no pet.).

          Given that Roberts remains in TDCJ custody while
on parole and that the trial court’s order would still be effective to collect
court costs from Roberts’s inmate trust account should he return to prison, we hold
that the issue is not moot; therefore, we have jurisdiction to decide the
issue.  See Meeker, 317 S.W.3d at 759.

          We review a trial
court’s decision to deny a motion to modify a withdrawal order for an abuse of
discretion.  Malone v. State, Nos. 02-10-00383-CV, 02–10–00384–CV, 02–10–00385–CV, 02–10–00386–CV,
02–10–00387–CV, 02–10–00388–CV, 02–10–00389–CV, 02–10–00390–CV, 2012 WL
579472, at *1 (Tex. App.—Fort Worth Feb. 23, 2012, pet. denied) (mem. op. on
reh’g).  A trial court abuses its discretion if it acts without reference to
any guiding rules or principles, that is, if the act is arbitrary or
unreasonable.  Low v. Henry, 221 S.W.3d 609, 614 (Tex. 2007);
Cire v. Cummings, 134 S.W.3d 835, 838–39 (Tex. 2004).  A trial court also
abuses its discretion by ruling without supporting evidence.  Ford Motor Co.
v. Garcia, 363 S.W.3d 573, 578 (Tex. 2012).  But an abuse of discretion
does not occur when the trial court bases its decision on conflicting evidence
and some evidence of substantive and probative character supports its
decision.  Unifund CCR Partners v. Villa, 299 S.W.3d 92, 97 (Tex. 2009);
Butnaru v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 2002).

          Before a trial
court can require a defendant to repay court-appointed attorney’s fees, it must
first determine whether the defendant has the financial resources and the
ability to pay.  Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2012); Mayer
v. State, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010).  “A defendant who is
determined by the court to be indigent is presumed to remain indigent for the
remainder of the proceedings in the case unless a material change in the defendant’s
financial circumstances occurs.”  Tex. Code Crim. Proc. Ann. art. 26.04(p)
(West Supp. 2012).  When the trial court requires an indigent defendant to pay
court-appointed attorney’s fees in violation of article 26.05(g), the appellate
court should modify the withdrawal order by removing the attorney’s fees.  See
Mayer, 309 S.W.3d at 557.

          Nothing in the
record indicates that Roberts’s financial resources changed during the pendency
of the trial court’s proceedings.  Thus, we hold that the trial court abused
its discretion by requiring Roberts to pay court-appointed attorney’s fees.  See
id. at 556.

          Accordingly, we
modify the trial court’s withdrawal order to delete the requirement that
Roberts pay court-appointed attorney’s fees and affirm the order as modified. 
Tex. R. App. P. 43.2(b).

 

BOB MCCOY

JUSTICE

 

PANEL:  LIVINGSTON,
C.J.; DAUPHINOT and MCCOY, JJ.

DELIVERED:  February 7, 2013









[1]See Tex. R. App. P.
43.2(b).





[2]Roberts
acknowledged that section 501.014(e) of the government code required him to pay
the court costs regardless of his ability to pay.  See Tex. Gov’t Code Ann.
§ 501.014(e) (West 2012).