NO. 07-12-0132-CV
NO. 07-12-0133-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 22, 2013

_____

WESLEY WRENN MASSEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NOS. B17187-0704 & B17992-0904; HON. EDWARD LEE SELF, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Wesley Wrenn Massey appeals from two orders of the trial court denying his motion to modify or rescind prior orders to withdraw funds from his inmate trust account.[1]  We affirm.

The trial court ordered appellant, within the separate judgments entered in cause numbers B17187-0704 & B17992-0904, to pay various attorney's fees and court costs

_____

[1]The accounts are no longer referred to as trust accounts under the statute.

incurred in the two criminal prosecutions. Those judgments were executed in May of 2009. Furthermore, each contained a finding that appellant was able to pay the attorney's fees levied. Approximately three years later, the trial court issued orders authorizing a schedule of withdrawals to be made from appellant's inmate trust account in satisfaction of the court costs and attorney's fees due. Appellant appealed the orders, and we abated and remanded the appeal to afford him a chance to question each order per *Harrell v. State*, 286 S.W.3d 315 (Tex. 2009).

While the matter was on remand, the trial court denied appellant's motions to modify or rescind the withdrawal orders. In his motions, he simply requested the trial court to 1) "confirm that there is a factual basis to support [it's] finding[s]" that he was able to pay the attorney's fees, and 2) "consolidate" the separate orders into one order. Given the limited nature of his complaints below, appellant did not preserve for our review the issues regarding whether 1) such withdrawal orders may issue once the underlying sentence has been completed and the inmate has been reincarcerated for other crimes,[2] 2) statute requires him to pay only the greatest sum of fees and costs levied when the sentences run concurrently, and 3) the sums ordered withdrawn exceed the percentage allowed by Texas Government Code § 501.014(e).[3] *See* TEX. R. APP. P. 33.1(a)(1)(A) (stating that to preserve error on appeal, the complainant must state the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint).

---

[2]The short answer to which is yes. *See In re Hart*, 351 S.W.3d 71, 76 (Tex. App.–Texarkana 2011, orig. proceeding) (stating that nothing prohibits the collection of fines and court costs during a subsequent stay in prison).

[3]Section 501.014(e) of the Texas Government Code contains no provision specifying that only a percentage of the trust account may be withdrawn.

As for the allegation that no factual basis existed to support the orders requiring repayment of attorney's fees, we note that the trial court incorporated into its 2009 judgments (and nunc pro tunc judgments) the specific finding that appellant had the ability to pay them.[4]  *See Hill v. Hill,* 971 S.W.2d 153, 156 (Tex. App.–Amarillo 1998, no writ) (stating that though it is not the preferred method, findings of fact may be included in a judgment).  More importantly, the findings were not questioned via direct appeal, and became final (along with the judgments) long ago.  Simply put, we have no jurisdiction to review them or substantively change their contents.  *See Royal Independent School Dist. v. Ragsdale,* 273 S.W.3d 759, 764-65 (Tex. App.–Houston [14th Dist.] 2008, no pet.) (holding that an appellate court has no jurisdiction to review a judgment unless a timely appeal is perfected therefrom).

Accordingly, we affirm the orders for withdrawal.


Brian Quinn
Chief Justice

---

[4]Article 26.05(g) of the Texas Code of Criminal Procedure permits a trial court to order reimbursement of appointed counsel fees only if the court makes a finding that a defendant has the financial resources to offset, in part or in whole, the costs of legal services.  TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012); *Mayer v. State,* 309 S.W.3d 552, 556 (Tex. Crim. App. 2010).  Once a defendant has been found indigent, he is presumed to remain indigent unless a material change in his financial circumstances is revealed by the record.  *Mayer v. State,* 309 S.W.3d at 557.