

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00019-CR

ROBERT LEON FRANKLIN, III, Appellant

V.

STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 3
Smith County, Texas
Trial Court No. 003-84329-11

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Following a conviction of assault, Robert Leon Franklin, III, was sentenced to 365 days in Smith County Jail.[1]  He was also ordered to pay a $4,000.00 fine and court costs in an unspecified amount.  The clerk of the court submitted a bill of costs that included $800.00 in attorney's fees for Franklin's court-appointed lawyer.  The inclusion of $800.00 in attorney's fees was incorporated into the trial court's order of commitment.  Franklin's sole ground on appeal challenges the inclusion of attorney's fees as courts costs in the judgment and order of commitment.  The State concedes that the evidence is insufficient to demonstrate that Franklin had the ability to pay court costs.  Accordingly, we modify the judgment and order of commitment to delete the $800.00 assessment for attorney's fees and affirm the judgment, as modified.

"A clerk of a court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement." *Owen v. State*, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 103.009(a), (c) (West 2006)).  "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the costs or the officer who is entitled to receive payment for the cost."  TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006).  "In other words, a certified bill of costs imposes an

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is incorporated by reference into the written judgment." *Owen*, 352 S.W.3d at 548. The bill of costs in this case contained an $800.00 sum for attorney's fees.

A claim of insufficient evidence to support court costs is reviewable on direct appeal. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney's fees. This Article states,

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011).

Here, the State concedes that the record before us contains no determination or finding by the trial court that Franklin had any financial resources or that he was able to pay the court-appointed attorney's fees. Thus, the inclusion of $800.00 in attorney's fees was erroneous. *See generally Mayer*, 309 S.W.3d 552; *Taylor v. State*, No. 02-12-00106-CR, 2013 WL 978842, at *1 (Tex. App.—Fort Worth Mar. 14, 2013, pet. struck) (mem. op., not designated for

publication);[2] *Roberts v. State*, No. 02-11-00500-CV, 2013 WL 452177, at \*2 (Tex. App.—Fort Worth Feb. 7, 2013, no pet.).

We sustain Franklin's sole point of error on appeal. We modify the judgment and commitment order to delete the inclusion of attorney's fees; they are affirmed, as modified.

Jack Carter
Justice

Date Submitted:     July 17, 2013
Date Decided:       July 18, 2013

Do Not Publish

---

[2]Although an unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

4