

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-13-00071-CR

---

EDWIN ROMINE, A/K/A  EDWIN WAYNE ROMINE, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1230617D

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Edwin Romine, a/k/a Edwin Wayne Romine, appeals[1] from a judgment adjudicating him guilty of possessing methamphetamine in an amount of four grams or more but less than 200 grams. Romine was sentenced to twelve years' imprisonment and was ordered to pay $369.00 in court costs and $4,202.83 in reparations, which included $2,400.00 in attorney's fees. Romine argues that the evidence is insufficient to support "the trial court's order that he pay $900.00 for his appointed attorney for the revocation proceeding" and a $25.00 increase in court costs. He also believes, and the State concedes, that the trial court erred in ordering him to pay $990.00 in delinquent community supervision fees because the State alleged a delinquency of only $780.00 and in improperly including a $799.83[2] fine that was not orally pronounced by the court. Romine prays that we reduce "the amount of 'reparations' . . . to $2,292.83." We modify the judgment to delete the $900.00 attorney's fee award and the fine and reduce the amount of community supervision fees. However, we find the additional $25.00 in court costs were properly charged and will affirm the judgment, as modified.

I.      There Is No Evidence that Romine Was Able to Pay Attorney's Fees

In his affidavit of indigency filed with the trial court in 2011, Romine swore that he had not been employed since 2001 due to a disability. He listed his total monthly income, consisting only of Social Security income, as $951.00, while his expenses totaled $1,045.65. The trial court

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]When Romine was originally sentenced, he was ordered to pay a fine of $800.00. After being adjudicated, Romine was ordered to pay reparations of $4,202.83, of which $799.83 was a fine. Romine refers to this as an $800.00 fine.

determined that Romine was indigent and appointed counsel to represent him. However, on the same day, the trial court entered an order finding "that Defendant has financial resources that enable Defendant to offset the costs of the legal services provided" and requiring Romine to pay $75.00 per month.[3] *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). The final judgment orders an attorney's fee payment of $2,400.00.

The State argues that both the findings of indigency[4] and the finding in 2011 that Romine had financial resources to pay "remained in effect." This does not address Romine's argument that "[t]he record contains no evidence that the court subsequently made a determination that Mr. Romine had the financial resources to contribute to the cost of his appointed counsel for the revocation proceeding."[5]

This claim of insufficient evidence to support court costs is reviewable on direct appeal. *Mayer*, 309 S.W.3d at 556. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney's fees. This Article states,

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

---

[3]No hearing or evidence supporting this finding is included in the record. In fact, the record supports the opposite conclusion.

[4]The State correctly observes that Article 26.04(p) provides that "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010) (quoting TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012)).

[5]The trial court appointed counsel for Romine for the revocation proceeding although Romine advised the court that he was unsure whether he wished for the appointment.

3

TEX. CODE CRIM. PROC. ANN. art. 26.05(g). "'[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees.'" *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer*, 309 S.W.3d at 556). Here, the record before us contains no determination or finding by the trial court that Romine had any financial resources or was able to pay the appointed attorney's fees incurred due to the revocation. In fact, Romine's expenses exceed his income, and nothing in the record suggests otherwise. Thus, the assessment of the $900.00 in attorney's fees for counsel appointed to represent Romine during the revocation proceeding was erroneous and should be redacted. *See generally Mayer*, 309 S.W.3d 552; *Taylor v. State*, No. 02-12-00106-CR, 2013 WL 978842, at *1 (Tex. App.—Fort Worth Mar. 14, 2013, pet. struck) (mem. op., not designated for publication); *Roberts v. State*, No. 02-11-00500-CR, 2013 WL 452177, at *1 (Tex. App.—Fort Worth Feb. 7, 2013, no pet.).

We sustain Romine's first point of error.

## II. State Concedes Error in Amount of Community Supervision Fees and Assessment of Fine Not Orally Pronounced at Sentencing

After Romine pled guilty to possession of methamphetamine, the trial court placed him on deferred adjudication community supervision for a period of eight years and ordered him to pay an $800.00 fine,[6] which the judgment recited was "Not Suspended." The conditions of Romine's supervision required him to pay a $60.00 monthly community supervision fee, a $20.00 monthly Crime Stoppers' fee, and the already-imposed fine.

---

[6]Romine was also ordered to pay $1,500.00 in attorney's fees, and $334.00 in court costs.

4

The State filed a motion to proceed with adjudication based on several violations of Romine's conditions of community supervision, to which he pled true. One of the violations included in the State's motion to proceed with adjudication alleged that Romine failed to pay his $60.00 probation fee for thirteen months, totaling a sum of $780.00.

The trial court's final judgment adjudicating Romine's guilt was signed on February 20, 2013. The record contains a revocation restitution/reparation balance sheet bearing a date of February 19, 2013. It lists the community supervision fees owed at $990.00. The sheet contains handwritten notes indicating the $4,202.83 reparations sum came from community supervision fees, attorney's fees, and a fine. The note reads:

| | | |
|---|---|---|
| PROBATION FEES | $ 990.00 | |
| DUE TO CSCD | $ 13.00 | |
| Total of all Reparations Owed: | $ 1,003.00 | |
| | $ 799.83 | Fines |
| Atty #1 | $ 1,500.00 | |
| | $ 3,302.83 | |
| Atty #2 | $ 900.00 | |
| | $ 4,202.83 | |

The State concedes Romine's "delinquent probation fees amounted to $780.00, not the $990.00 included in the total reparations," and acknowledges that the judgment should be modified to reduce the total reparations assessed by $210.00." We sustain Romine's second point of error.

As to the fine, the State also concedes that we should "reform the trial court's judgment to reduce the total reparations by $799.83." We agree. As explained in *Taylor v. State*, "when an accused receives deferred adjudication, no sentence is imposed. Then, when guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including the

5

previously imposed fine." *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). "Fines are punitive, and they are intended to be part of the convicted defendant's sentence as they are imposed pursuant to Chapter 12 of the Texas Penal Code, which is entitled 'Punishments.'" *Armstrong*, 340 S.W.3d at 767. If a judge fails to orally pronounce a fine when guilt is adjudicated, but includes a fine within the written judgment, the fine must be deleted because "the oral pronouncement controls." *Taylor*, 131 S.W.3d at 502.

Romine's third point of error is sustained.

## III.    Court Costs Were Properly Assessed

"Court costs, as reflected in a certified bill of costs, need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Armstrong*, 340 S.W.3d at 766. The Tarrant County District Clerk's "List of Fee Breakdowns" lists $369.00 as the amount of court costs remaining, and the addition of the itemized list of costs correctly produces that sum.

Romine's last point of error is overruled.

## IV. Conclusion

Having affirmed Romine's first three points of error, we modify[7] the judgment to delete $900.00 in attorney's fees, $210.00 in community supervision fees, and $799.83 in fines, leaving a total reparation sum of $2,293.00. We affirm the trial court's award of court costs in the amount of $369.00. We affirm the judgment, as modified.

Jack Carter
Justice

Date Submitted:    July 3, 2013
Date Decided:     August 6, 2013

Do Not Publish

---

[7]This Court has the authority to modify incorrect judgments when the necessary information is available to do so. *See* TEX. R. APP. P. 43.2(b).