

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00057-CR

_____

TAMMY RENEE HANKS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 7th District Court
Smith County, Texas
Trial Court No. 007-1418-12

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Tammy Renee Hanks appeals from her conviction in Smith County,[1] on an open plea of guilty, for possession of a controlled substance, less than one gram. She pled true to allegations of two prior convictions, (burglary of a habitation in 1998 and possession of a controlled substance in 2008). Hanks was found guilty of a second degree felony and sentenced to twenty years' imprisonment.

Hanks argues on appeal that the order by the trial court requiring her to pay the costs of her counsel (who was appointed because she was indigent) is improper and that the judgment should, therefore, be modified to delete that award. The State concedes. We agree.

## I. There Is No Evidence that Hanks Was Able to Pay Attorney's Fees

The trial court found Hanks indigent and appointed John Jarvis to represent her as trial counsel. She also has appointed counsel on appeal. The final judgment orders her to pay costs of $668.00, $300.00 of which is for trial attorney's fees.

A claim of insufficient evidence to support court costs is reviewable on direct appeal. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney's fees. This Article states,

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). "'[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees.'" *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer*, 309 S.W.3d at 556). Where the record fails to establish and support a defendant's financial ability to pay, a court errs in ordering reimbursement of attorney's fees. *Mayer*, 309 S.W.3d 552.

The record contains no determination or finding by the trial court that Hanks had any financial resources or that she was otherwise able to pay the appointed attorney's fees. Thus, the assessment of the $300.00 in attorney's fees for counsel appointed to represent Hanks was erroneous. *See generally id.*; *Taylor v. State*, No. 02-12-00106-CR, 2013 WL 978842, at *1 (Tex. App.—Fort Worth Mar. 14, 2013, pet. struck); *Roberts v. State*, No. 02-11-00500-CV, 2013 WL 452177, at *2 (Tex. App.—Fort Worth Feb. 7, 2013, no pet.).[2]

Therefore, the trial court erred by assessing $668.00 in costs, and we modify the judgment to correctly reflect a total of $368.00 in court costs. *See* TEX. R. APP. P 43.2(b).

---

[2]Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

We affirm the judgment, as modified.

Jack Carter
Justice

Date Submitted:     August 16, 2013
Date Decided:       August 19, 2013

Do Not Publish