

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00049-CR

KURTIS LEONARD SHELTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 23542

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Kurtis Leonard Shelton was convicted of evading arrest or detention with a motor vehicle. Shelton was sentenced to two years' confinement in state jail and was ordered to pay a $182.00 fine following revocation of his community supervision. The trial court's judgment also orders Shelton to pay court costs and attorney's fees in the amount of $488.00. In his sole point of error on appeal, Shelton argues that the trial court erred in assessing attorney's fees because he is indigent and the record fails to demonstrate his ability to pay the fees.[1] We agree. We modify the trial court's judgment to delete the attorney's fee award and affirm the judgment as modified.

A claim of insufficient evidence to support court costs is reviewable on direct appeal. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney's fees. This Article states:

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). "'[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees.'" *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer*, 309 S.W.3d at 556).

---

[1]Shelton also appeals his conviction for driving while intoxicated, third or more, in our cause number 06-13-00050-CR on the same ground.

2

Here, the State concedes that Shelton is indigent and that the record fails to contain any determination or finding by the trial court that he had financial resources or was able to pay the appointed attorney's fees. Yet, the clerk's bill of costs lists a remaining attorney's fee of $226.00. We conclude that the assessment of this fee was erroneous and should be removed. *See generally Mayer*, 309 S.W.3d 552; *Taylor v. State*, No. 02-12-00106-CR, 2013 WL 978842, at *1 (Tex. App.—Fort Worth Mar. 14, 2013, pet. struck) (mem. op., not designated for publication); *Roberts v. State*, No. 02-11-00500-CV, 2013 WL 452177, at *2 (Tex. App.—Fort Worth Feb. 7, 2013, no pet.).[2] We sustain Shelton's point of error.

We modify the court's judgment to delete the $226.00 attorney fee award, leaving "a total of $262.00 in court costs assessed to" Shelton. We affirm the judgment, as modified.


Josh R. Morriss, III
Chief Justice

Date Submitted: August 21, 2013
Date Decided: August 22, 2013

Do Not Publish

---

[2]Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).