

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00055-CR

———————————————

ROBBIN ARGUETA, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 3
Denton County, Texas
Trial Court No. CR-2017-03231-C

Before Pittman, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

A jury convicted Appellant Robbin Argueta of driving while intoxicated. In a single issue, Argueta complains the evidence is insufficient to support an order requiring him to pay attorney's fees for his court-appointed trial attorney. We sustain Argueta's issue, modify the trial court's judgment, and affirm the judgment as modified.

### II. BACKGROUND

By complaint and information filed on April 21, 2017, Argueta was charged with committing the offense of driving while intoxicated on January 31, 2017. After his arrest, Argueta completed a document titled, "Defendant's Acknowledgement of Alleged Offenses, Rights and Bonds," on which he declared that he was not indigent or was not entitled to appointed counsel. Prior to his trial, Argueta retained defense counsel, but the trial court permitted defense counsel to withdraw on July 5, 2017, after Argueta failed to pay his retained attorney's fees.

When Argueta failed to appear at a scheduled court date, he was arrested and applied for a court-appointed attorney on September 15, 2017. In the application documents, Argueta stated that he had no income due to his confinement and that his income as a manager was very low. Three days later, the trial court found that Argueta was indigent because of his incarceration. The trial court appointed trial counsel and ordered Argueta to appear with appointed counsel on the Monday

following his release date to review his ability to pay for an attorney. The record does not show that Argueta appeared before the trial court or had his indigency reevaluated prior to the commencement of trial on January 29, 2018.

On January 30, 2018, a jury found Argueta guilty of driving while intoxicated, and the trial court sentenced him to confinement for 180 days, suspended the sentence, placed him on community supervision for eighteen months, and assessed a fine of $250 as well as court costs and fees. During the trial proceedings, the trial court did not make an oral finding regarding Argueta's indigence, financial resources, or ability to pay for his court-appointed counsel, and the written judgment does not contain those findings. The trial court's judgment requires that Argueta pay a fine of $250 and court costs of $1,979. Itemized within the bill of costs filed for the case on January 30, 2018, is an assessment of $1,575 for court-appointed attorney's fees.

After Argueta filed his notice of appeal, we twice abated his appeal to permit the trial court to determine in part whether Argueta wished to appeal and was indigent, and if indigent, whether it was proper to appoint counsel to represent Argueta on appeal. During the abatement proceedings, Argueta initially informed the trial court that he needed two months to save money to hire counsel but later admitted that he had been unable to afford counsel and was probably indigent. The

trial court found Argueta indigent, appointed appellate counsel, and granted Argueta a free record on appeal.[1]

### III. DISCUSSION

In a single issue, Argueta argues that the evidence is insufficient to support the trial court's order directing him to reimburse the county for his appointed-counsel fees after the trial court had found him indigent for trial. The State concedes that the evidence is insufficient regarding Argueta's ability to pay court-appointed trial attorney fees and joins Argueta in asking this court to modify the judgment.

**A.  Preservation not required to challenge assessment of court costs**

Court costs are the nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of a case. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009). Court costs are not part of a criminal defendant's guilt or sentence, nor must they be proven at trial. *See Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). An issue relating to the assessment of court costs may be raised for the first time on appeal. *See id* at 391. An appellant is not required to preserve the issue or assert it in a motion for new trial. *Id.*

---

[1]In its written "Finding Regarding Indigence and Order to Appear with Attorney" filed on December 14, 2018, the trial court interlineated "APPEAL 'ONLY'" above the document title, and marked the "Indigence with Reimbursement" option, which finds that Argueta was indigent and in the interest of justice was entitled to appointment of counsel, but had sufficient resources to offset in whole or in part the cost of legal services and related services to be provided by the order. It also orders Argueta to contribute to the cost of the legal services and related expenses provided by the order.

**B.      Analysis**

Under article 26.05(g) of the Texas Code of Criminal Procedure, a trial court may order a defendant to pay the costs of "legal services provided" only if it initially determines that the defendant has financial resources that enable him to offset in part or whole the costs. Tex. Code Crim. Proc. Ann. art. 26.05(g); *see Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013); *Roberts v. State*, 508 S.W.3d 310, 312 (Tex. App.—Fort Worth 2013, no pet.) ("Before a trial court can require a defendant to repay court-appointed attorney's fees, it must first determine whether the defendant has the financial resources and the ability to pay."). The record must reflect some factual basis to support the trial court's determination regarding the defendant's ability to pay. *Wolfe v. State*, 377 S.W.3d 141, 144 (Tex. App.—Amarillo 2012, no pet.).

After a defendant is found to be indigent, he is presumed to remain so "unless there is a 'material change' in his financial status, and in the absence of any indication in the record that his financial status has in fact changed, the evidence will not support an imposition of attorney fees." *Wiley*, 410 S.W.3d at 317; *see* Tex. Code Crim. Proc. Ann. art. 26.04(p). When a trial court fails to find that the defendant's financial status has changed after initially finding the defendant to be indigent, the record is insufficient and will not support an order to pay attorney fees arising from court-appointed counsel's representation. *Wiley*, 410 S.W.3d at 317.

The determination of a defendant's ability to pay must be made at the time of the judgment or order at issue. *Wolfe*, 377 S.W.3d at 146. Before trial, the trial court found Argueta to be indigent, and the record does not show that the trial court made a determination contemporaneous with the judgment or order that Argueta had the financial resources and the ability to pay court-appointed trial counsel's fees before it assessed them. *See Wiley*, 410 S.W.3d at 317; *Roberts*, 508 S.W.3d at 312; Tex. Code Crim. Proc. Ann. art. 26.05(g). Consequently, no factual basis exists in the record to support a determination that Argueta could pay the fees of court-appointed trial counsel. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013).

We sustain Argueta's issue. The proper remedy is to modify the trial court's judgment by deleting the court-appointed attorney's fees from the order assessing court costs. *Id.* at 252; Tex. R. App. P 43.2(b).

## IV. CONCLUSION

We modify the judgment of the trial court to delete the fees of Argueta's court-appointed trial counsel that are included in the order for payment of court costs. The judgment of the trial court is affirmed as modified.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 6, 2019