**Petition for Writ of Mandamus and Prohibition Denied and Memorandum Opinion filed June 20, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00458-CV

## IN RE DAVID ILOANI, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-57430**

## MEMORANDUM OPINION

On June 6, 2019, relator David Iloani filed a petition for writ of mandamus and writ of prohibition in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the

Honorable Beau A. Miller, presiding judge of the 190th District Court of Harris County, to vacate his March 26, 2019 order appointing a receiver.

Relator also has filed an emergency motion for temporary relief, asking for a stay of the order appointing the receiver. *See* Tex. R. App. P. 52.10.

With certain exceptions not applicable here, to obtain mandamus relief, a relator must show that he has no adequate remedy at law, such as an appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A party seeking a writ of prohibition must show that (1) he has no other adequate remedy at law, and (2) he is clearly entitled to the relief sought. *See In re Lewis*, 223 S.W.3d 756, 761 (Tex. App.—Texarkana 2007, orig. proceeding); *In re Walker*, No. 14-18-01078-CV, 2018 WL 6684309, at *1 (Tex. App.—Houston [14th Dist.] Dec. 20, 2018, orig. proceeding) (per curiam) (mem. op.).

Relator had a right to pursue an interlocutory appeal of the March 26 order appointing the receiver. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1) (Supp.). An interlocutory appeal is accelerated, and any notice of appeal was due twenty days after the date the order was signed. Tex. R. App. P. 26.1(b), 28.1. When, as here, the legislature has created the right to bring an interlocutory appeal, the remedy is adequate. *See In re Shkedy*, No. 14–12–00972–CV, 2012 WL 5337204, at *1 (Tex. App.–Houston [14th Dist.] Oct. 30, 2012, orig. proceeding) (mem. op.); *Sustainable Texas Oyster Res. Mgmt. L.L.C. v. Hannah Reef, Inc.*, 491 S.W.3d 96, 112 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

Because relator has or had an adequate remedy at law, we deny relator's petition for writ of mandamus and writ of prohibition, and motion for temporary relief. That relator's time for filing an interlocutory appeal may have passed does not entitle him to mandamus relief.[1]

PER CURIAM

Panel consists of Justices Christopher, Jewell, and Zimmerer.

---

[1] *See In re Robertson*, No. 14-16-01013-CV, 2017 WL 506807, at *2 (Tex. App.—Houston [14th Dist.] Feb. 7, 2017, orig. proceeding) (per curiam) (mem. op.); *In re Sims*, No. 12–15–00190–CV, 2016 WL 4379490, at *1 (Tex. App.—Tyler Aug. 17, 2016, orig. proceeding) (mem. op.) (holding that the relator could not attack the trial court's ruling by writ of mandamus even if his appellate remedy was no longer available); *In re Hart*, 351 S.W.3d 71, 77 (Tex. App.—Texarkana 2011, orig. proceeding) (holding that the relator's "[f]ailure to comply with the rules that would have given [relator] time to file his notice of appeal was not a sufficient excuse to justify issuance of mandamus") (internal quotations and citation omitted); *In re Pannell*, 283 S.W.3d 31, 35–36 (Tex. App.—Fort Worth 2009, orig. proceeding) (denying mandamus relief where the relator had other adequate legal remedies—direct appeal, restricted appeal, and bill of review—but did not timely exercise those remedies).